## COLISEUM ENTERPRISES, INC. v. Colin CAMPBELL, et al.

[795 A.2d 1212]

No. 00-576

February 25, 2002. Plaintiffs Coliseum Enterprises and Shawn B. Cliche appeal from an order of the Chittenden Superior Court granting summary judgment to defendants who are individual members of the Burlington Local Control Commission. Plaintiffs brought an action under 42 U.S.C. § 1983 claiming that the commissioners violated plaintiffs' due process rights when they rescinded their recommendation that the Vermont Liquor Control Board approve plaintiffs' application for a liquor license. Plaintiffs also claimed that defendants tortiously interfered with plaintiffs' business under state law. We agree with the trial court that defendants are entitled to qualified immunity from suit. Accordingly, we affirm.

On October 21, 1996 the commissioners considered plaintiffs' application for a first class liquor license. After hearing testimony in favor of and opposed to the application the commissioners approved plaintiffs' application by a vote of 8-6. According to state law, once an application has been approved by a local commission, the application is passed on to the state board for it to investigate the applicant and approve or disapprove of the application. 7 V.S.A. § 222. Accordingly, plaintiffs' application was forwarded to the board. Before the board acted on the application, however, the Burlington commissioners decided to reconsider its prior vote at a November 18 meeting. Plaintiffs were present at this meeting and given an opportunity to be heard, as were others in attendance. At the conclusion of this meeting, the commissioners voted by 12-1 to rescind the approval of the application.

Plaintiffs brought suit in superior court arguing that the commissioners violated plaintiffs' constitutional rights by taking their property, the liquor license, without due process of law. They sought money damages only under 42 U.S.C. § 1983, which provides relief to those harmed by the "deprivation of any rights, privileges, or immunities secured by the Constitution" by anyone acting "under color" of state law. *Id.* Plaintiffs also claimed that the commissioners had engaged in tortious interference with plaintiffs' business. Both parties filed motions for summary judgment. The court granted defendants' motion and denied plaintiffs' on the grounds that defendants did not improperly deprive plaintiffs of a property interest because there was no license granted to them, and plaintiffs have no property interest in only an approved license application. The court further held that defendants are entitled to qualified immunity because they were public officials acting in good faith. Plaintiffs appeal.

On appeal, plaintiffs argue that the original vote of the commissioners bestowed upon plaintiffs a property interest in a liquor license that could be revoked only with due process. They base their argument on the fact that a high percentage of applicants whose licenses were approved by the local commissions were also approved by the state board. From this statistic, plaintiffs conclude that there was a strong likelihood that the board would have approved their application, vesting plaintiffs with a property interest in the license, and thus due process protections should attach following the approval of the local commissioners. The manner in which the commissioners rescinded the application, plaintiffs contend, did not comport with due process because the commissioners did not comply with the revocation proceedings laid out in 7 V.S.A. § 236. Plaintiffs also argue that the commissioners are not protected by qualified immunity because § 236 states the "clearly established law" in Vermont for revoking a liquor license of which the commissioners should have known.

We need not address the question of whether plaintiffs had a property interest in the liquor license following the original vote of the commissioners because we find that the commissioners are immune from suit. We have recognized that "[i]mmunity is a defense to § 1983 actions for damages against persons in their individual capacity." *Billado v. Appel*, 165 Vt. 482, 486, 687 A.2d 84, 87 (1996). Although certain individuals acting in a legislative, judicial or prosecutorial capacity enjoy absolute immunity, in this case we are concerned with public officials performing a discretionary function who are entitled to qualified immunity. See *id.* at 486-87, 687 A.2d at 87-88. Here, the commissioners are immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the commissioners' qualified immunity defense, therefore, plaintiffs must identify a "clearly established" right that was violated by the rescission of their application.

Plaintiffs' argument in this regard hinges on the assumption that once the local commissioners have approved a license application, the license has been "granted." Relying on this assumption, plaintiffs argue that the commissioners failed to comply with the clearly established law for revoking a license. Title 7 V.S.A. § 236(a) states that for a "license granted . . . [n]o revocation shall be made until the permittee or licensee shall be notified and be given a hearing before the liquor control board." The commissioners' failure to comply with this statute, plaintiffs claim, deprived them of their due process rights because they had a vested property right in the license once it had been "granted."

This argument fails for two reasons. First, it is not a matter of clearly established law that plaintiffs were "granted" a license when the commissioners first approved the application in October 1996. Nor is it clear how to apply § 236, which provides a hearing before the board, not the commissioners. Indeed, these are the very questions presented by this appeal. Although plaintiffs would have us hold that the board's investigations are so cursory that for all practical purposes approval at the local level does "grant" a license, plaintiffs' assumption does not make it so. In fact, our statutory regime requires that the state board approve all applications before a license is granted. 7 V.S.A. § 222. In this case, it is undisputed that this step did not occur before the commissioners rescinded their approval. It is entirely unsettled whether an applicant that has proceeded this far in the process is vested with a property right in a liquor license. Thus, we cannot say that the commissioners clearly knew that voting on the application "grants" an applicant a license and thus all subsequent proceedings must comport with due process requirements. That this matter is an open question is enough to end our inquiry because the commissioners did not violate "clearly established statutory or constitutional rights."

Second, even if plaintiffs were "granted" a license by the vote of the commissioners and thus the commissioners plainly violated 7 V.S.A. § 236, plaintiffs may not use a violation of state law to bootstrap a violation of the federal constitution. In other words, the contention that the commissioners violated § 236 does not by itself give rise to a 42 U.S.C. § 1983 violation. Rather, the violation giving rise to the cause of action is the alleged deprivation of due process guaranteed by the Fourteenth Amendment, not the violation of 7 V.S.A. § 236. Whether the commissioners complied with § 236 does not, without more,

answer the question of whether the commissioners violated plaintiffs' constitutional due process rights. See *Davis v. Scherer*, 468 U.S. 183, 195 (1984). In *Davis,* the Court held that an official sued for a constitutional violation does not lose qualified immunity merely because the conduct also violates a state statutory or administrative provision. *Id.* Plaintiffs' obligation, under *Harlow*, is to establish that the commissioners' rescission clearly violated federal due process law. They have not done so here.

*Affirmed.*